United States District Court

District of Connecticut

FILED
2004 FEB -5 P 4: 36
US DIST...

James McKinnon  case no. 3:03CV158(JCH)(HBF)
100770
Plaintiff

January 28, 2004

V.

Linda Mesenger, ETal
Iris Prescott
Helen Dorsey
Defendants  Individual Capacity

Plaintiff Opposition Disputing the Defendant's Answer Dated January 22, 2004, with plaintiff Memorandom in Support of Complaint.

1. Plaintiff understand that the court will never weigh the evidence; weigh the evidence or find the facts; however the court role under Rule 56 is exists as to material facts requiring a Trial. please see; Anderson v. Libeerty, Lobly; Inc. 477 U.S. 242; 249; 106 CT 2505, 2510; 91 L.ED 202 (1986).

By: James Lee McKinnon
James Lee McKinnon prose
Walker Reception unit
1153-East Street South
Suffield Connecticut
06078

2. In this case the plaintiff have presented absolute concerete proof of constitutional as well as state violations.

3. Defendants stop plaintiff scheduled appointment that was available from a nurse that could not give the plaintiff his medication and plaintiff was suffering from a failure to provide aspirin for migraine headache's that's a side offect from medication Fluconazole that also ran out, and was not reorder, Defendant Linda Mesenger Act with deliberate indifference toward plaintiff serious medical need's intentionally interfering with the treatment once prescribed, Also a violation of plaintiff Eighth Amendment

4. Plaintiff had a doctor's appointment with Dr. James O'Halloran and didn't get to see Him. Two inmates from my unit were sent, I was never called. The next day nurse Tony asked me to sign a Refusal. It's the same problem with nurse linda Mesenger, plaintiff sent a inmate request to Defendant Helen Dorsey for help and that my medication's was out then, plaintiff oppointment 1-8-03 also Defendant Helen Dorsey came to plaintiff cell 1-10-03 and said I had you seen by the doctor; plaintiff said my medication stop a long time ago it's Linda she will not stop on me.

By x *James Lee McKinnon*
James Lee McKinnon Prose
Walker Reception unit
1153-East Street South
Suffield Connecticut
06078

②

Garner C-I has three mental Health Block's Foxtrot Block house inmates who are the least functional and they have the leatt amount of privileges of the three, Hotel Block house the next level of mental Health status and it's inmate's have to some extent more privileges, and Finally Gulf Block is a Transitional Block and one step from general population and it's inmate's do not reqire staff escorts when they leave the Block, like Hotel Block the plaintiff was house.

Because of mental Health inmate's are not to be with population in medical,

mental Health inmate's are to have blood work in the came room with inmate's asking the nurse question's at the same time next to you, I have a infectious Disease and for a inmate to look at the paper and see a check mark down by the squares that say I have HIV, the last time I said howcome I have to have my blood taken like this, it was report that I refused, I then sent a request to nurse supervisor Pat morris and she said its because it's no escorts and mental Health can't be with population inmate's. She Also sent me in to see a doctor not my infectious Disease Doctor.

Yes the defendants have violated plaintiff civil rights with issues Also scheduled I.D. clinic appointments in the facility, Inmate request from plaintiff on this day was Exhibit that ask Defendant Iris prescott the person that stop my appointment, that was for proof.

By /s/ James Lee McKinnon
James Lee McKinnon prose
Walker Reception Unit
1153 - East Street South
Suffield, Connecticut
06078

# Plaintiff Memorandum of Law
# Facts Support in Opposition.

5. Plaintiff is disabled prisoner and have greater rights under the americans with Disabilities Act of 1990 (ADA); please see; 42 U.S.C. § 12101 et seq

6. which provides that as of january 1992 "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity or be subjected to discrimination by any such entity; please see; 42 U.S.C. § 12132.

7. A more general definition of serious medical needs refers to conditions that cause pain, discomfort, or threat to good health. please see; Dean v. Coughlin, 623 F. Supp. 392, 404 (S.D.-N.Y. 1985) accord, McGuckin v. Smith, 974 F.2d at 1060 (Chronic and substantial pain "indicates that a medical need is serious) Boretti v. Wiscomb, 930 F.2d 1150, 1154-55 (6th. 1991) needless pain is actionable even if there is no permanent injury) Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1989) significant and uncomfortable health problem" is actionable) Johnson-El v. Schoemehl, 878 F.2d 1043, 1055 (8th Cir. 1989) condition that is medically seriour or painful in nature "may be actionable) Farinaro v. Coughlin, 642 F. Supp. 276, 279 S.D.N.Y. 1986) Eighth Amendment requires "a specific showing of pain, discomfort, or threat to health").

By James Lee McKinnon
James Lee McKinnon prose
Walker Reception unit
1153-East-Street South
Suffield Connecticut
06078

Plaintiff Memorandum of Law
Facts Support in Opposition.

8. This definition is consistent with Supreme court decisions holding that the Eighth Amendment prohibits the unnecessary and wanton infliction of pain. Please see; Estelle v. Gamble, 429 U.S. at 104.

9. Many courts have cited pain in finding a medical need serious; please see; Estelle v. Gamble, 429 U.S. at 104.

10. Courts have recognized that there can be a serious cumulative effect from the repeated denial of care with regard to even minor needs; please see; Jones v. Evans, 544 F. Supp. 769, 775 n.4 N.D. Ga. 1982).

11. Many prison mental health care cases focus on the lack of adequate and qualified staff; please see; Casey v. Lewis, 834 F. Supp at 1548-49 Tillery v. Owens 719 F. Supp. at 1302-03 ("gross staffing deficiencies" and lack of mental health training of nurses supported a finding of deliberate indifference) Inmates of Occoquan v. Barry 717 F. Supp. at 868 woefully Coughlin, 715 F. Supp at 540 (use of untrained or unqualified personnel with inadequate supervision by psychiatrist supported constitutional—

By x /s/ James Lee McKinnon
James Lee McKinnon prose
Walker Reception Unit
1153-East Street South
Suffield Connecticut
06078

Plaintiff Memorandum of Law
Facts Support in Opposition.

- claims) Inmates of Allegheny County jail v. Pierce 487 F. Supp. at 610-45; Ruiz v. Estelle, 503 F. Supp 1265 1339 (S.D.Tex 1980).

12. Prisoners with disabilities or handicap are protected both by the Constitution and by Federal Statutes. Under the Constitution, prison officials must meet the medical needs of disabled prisoners and furnish the assistance that they require in order to live a minimally decent life in prison. As one court put it "The prison authorities must take the prisoner as they find him and provide facilities compatible with his physical condition that meet civilized standards of decency. Please see; In re Coca, 85 Cal. App. 3d 493. 149 Cal. RaTr 465, 470-71 (Cal. App. 1978)

13. It is not unlawful to send a seriously disabled person to prison as long as proper care is supplied, please see; People v. Superior Court (Beasley) 159 Cal. App. 3d 131, 205 Cal. RpTr. 413, 416 (Cal. App. 1984) Commissioner v. Coburn 336 Pa. Super. 203, 485, A.2d 502, 505 (Pa. Super. 1984)

14. Some courts have suggested that if a particular prison is unable to provide the necessary care, the prisoner must be moved to a facility that can provide it. please see; Payne v. Lynanugh 843 F.2d 177, 178-79 (5th Cir.1988) Yarbaugh v. Rach, 736 F. Supp. at 320 n. 7, Villa v. Franzen, 511 F. Supp. 231, 233-34 (n.D.Ill.1981.

By: /s/ James Lee McKinnon
James Lee McKinnon Prose
Walker Reception Unit
1153-East Street South
Suffield Connecticut
06078

Plaintiff Memorandum of Law
Facts Support in Opposition.

15. Previously this ban on discrimination against the Disabled applied onley to Federally Funded agencies under Section 504 of the Rehobilitation Act of 1973. please see; That Statute provides "no other wise qualified individual shall, solely by reason of his handicap be excluded from the participation in be denied the benefits of or, be Subjected to discrimination under any program or activity receivig federal finacial assistance or under any program or activity conducted by any Executive agency" 29 U.S.C. § 794. Congress has made it clear that any govermental department or agency receving Federal money is subject to the rehobilitation Act in all it's operationes even if the particular program in dispute does not receive such funds.

16. The relief available includes equitable relief (an injunction) and backpay we believe that damages are available also; please see; Under the Rehabilitation Act the courts disagreed whether damages were available. Please Compare Smith V. Barton, 914 F.2d at 1337-38 (holding damages are available) with Eastman V. Virginia PolyTechnic Institute 939 F.2d 204, 207-09 (4th Cir. 1991) (holding damages unavailable) Howevr, the Supreme Court has recently held that There is a presumption that if a federal statute creates a private cause of action damages are available. Franklin V. Gwinnett County Public Schools, 503 U.S. 112 S. CT. 1028.

Byx _James Lee McKinnon_
James Lee McKinnon prose
Walker Reception Unit
1153-East Street South
Suffield Connecticut
06078

Plaintiff Memorandum of Law
Facts Support in Opposition

—1034-35-(1992). We believe that this holding should apply to the ADA. In addition, the federal regulations in providing that states are not entitled to immunity from suit for ADA violations, refers to remedies both at law and in equity." 28 C.F.R. § 35.178. Remedy at Law generally means damages.

17. Plaintiff is not required to exhaust administrative remedies before suing under the public entity provisions of Title 2, of the Americans with Disabilities Act; please see; Case law has made it clear that exhaustion is not required under the Rehabilitation Act. Smith v. Barton, 914 F.2d 1330, 1338 (9th Cir. 1990)

By: *James Lee McKinnon*
James Lee McKinnon prose
Walker Reception Unit
1153-East Street South
Suffield Connecticut
06078

## Certification

I hereby certifiy that the foregoing was mailed to the defendants attorney of record this <u>28th</u> Day of January, 2004

Individual Capacity
    Defendants

Linda Mesenger, Etal
Iris    Prescott
Helen  Dorsey

---

Richard T. Couture
Assistant Attorney General
110 Sherman Street
Hartford Connecticut
            06105

By x *James Lee McKinnon*
James Lee McKinnon Pro Se
Walker Reception Unit
1153- East Street South
Suffield Connecticut
                06078