UniTed STATes DisTricT CourT

DisTricT of ConnecTicuT

FILED

2004 FEB 19 P 4: 15

James mcKinnon  Case  3: 03CV 158(JCH)(HBF)
100 770
PlainTiff

February 16, 2004

VS.

Linda mesenger, ETaL
Iris PrescoTT
Helen Dorsey
DeFendanTs Individual CapaciTy

PlainTiff MoTion To Respon To FirsT
Scheduling Order DaTed January 26,
2004 plainTiff MemoranDom in
SupporT of ComplainT

1. PlainTiff James mcKinnon pro,se undersTand mhaT me
courT will never weigh me evidence; weigh me evidence or
Find The FacTs; however me courT role under Rule 56 is
exisTs as To maTerial FacTs requiring a Trial. please
see; Anderson v. LibeerTy, LobLy: Inc .477.U.S. 242,249
106 cT 2505. 2510; 91 L.ED 202(1986).

By× James Lee McKinnon
James Lee mcKinnon pro,se
walKer RecepTion uniT
1153-EasT STreeT SouTh
SuFField ConnecTicuT
06078

2. In This case The plaintiff have presented absolute concerete proof of ConstiTuTional as well as state violations.

3. DefendanTs' stop plaintiff scheduled oppointmenT That was available from a nurse That could not give me plaintiff his medicaTion and plaintiff was Suffering from a failure To provide aspirin for migraine headache's That's a side offect from medicaTion Fluconazole That also ran out, and was not reorder, DefendanT Linda Mesenger AcT with deliberate indifference Toward plaintiff serious medical need's intentionally interfering with The TreatmenT once prescribed, Also a violation of plaintiff EighTh AmendmenT

4. PlainTiff had a doctor's oppointmenT with Dr. James O'Halloran and didn'T get To see Him. Two inmates from my unit were sent, I was never called. The next day nurse Tony askeed me To sign a Refusal. IT's The same problem with nurse linda Mesenger, plaintiff SenT a inmate request To DefendanT Helen Dorsey for help and That my medicaTion's was out Then, plaintiff oppointmenT 1-8-03 also DefendanT Helen Dorsey came To plainTiff cell 1-10-03 and Said I had you seen by The doctor, plaintiff said my medicaTion stop a long Time ago iT's Linda she will not stop on me.

Byx *James Lee McKinnon*
James Lee mckinnon prose
Walker Reception unit
1153-East StreeT South
Suffield ConnecTicut
06078

Plaintiff Memorandum of Law

Facts Support in Opposition.

5. Plaintiff is disabled prisoner and have greater rights under the americans with Disobilities Act of 1990 (ADA); please see; 42 U.S.C. § 12101 et seq

6. which provides that as of January 1992 "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity or be subjected to discrimination by any such entity; please see; 42 U.S.C. § 12132.

7. A more general definition of serious medical needs refers to conditions that cause pain, discomfort, or threat to good health. please see; Dean v. Coughlin, 623 F. Supp. 392, 404 (S.D.-N.Y. 1985) accord, McGuckin v. Smith, 974 F. 2d at 1060 (chronic and substantial pain "indicates that a medical need is serious) Boretti v. Wiscomb, 930 F. 2d 1150, 1154-55 (6th. 1991) need less pain is actionable even if there is no permanent injury) Moreland V. Wharton, 899 F. 2d 1168, 1170 (11th Cir. 1989) significant and uncomfortable health problem "is actionable) Johnson-El v. Schoemehl, 878 F. 2d 1043, 1055 (8th Cir. 1989) condition that is medically serious or painful in nature "may be actionable) Farinaro v. Coughlin, 642 F. Supp. 276, 279 S.D.N.Y. 1986) Eighth Amendment requires "a specific showing of pain, discomfort, or threat to health").

Byx James Lee McKinnon
James Lee McKinnon prose
Walker Reception unit
1153 East Street South
Suffield Connecticut
06078

Plaintiff Memorandum of Law
Facts Support in Opposition.

8. This definition is consistent with Supreme court decisions holding that the Eighth Amendment prohibits the unnecessary and wanton infliction of pain. Please see; Estelle v. Gamble, 429 U.S. at 104.

9. Many courts have cited pain in finding a medical need Serious; please see, Estelle v. Gamble, 429 U.S. at 104.

10. Courts have recognized that there can be a serious cumulative effect from the repeated denial of care with regard to even minor needs; please see; Jones v. Evans, 544 F. Supp. 769, 775 n.4 n.D. Ga. 1982).

11. Many prison mental health care cases focus on the lack of adequate and qualified staff; please see; Casey v. Lewis, 834 F. Supp at 1548–49 Tillery v. Owens 719 F. Supp. at 1302-03 ("gross staffing deficiencies" and lack of mental health training of nurses supported a finding of deliberate indifference) Inmates of Occoquan v. Barry 717 F. Supp. at 868 woefully Coughlin, 715 F. Supp at 540 (use of untrained or unqualified personnel with inadequate supervision by psychiatrist supported constitutional–

By x James Lee McKinnon
James Lee McKinnon prose
Walker Reception unit
1153-East Street South
Soffield Connecticut

Plaintiff Memorandum of Law
Fact's Support in Opposition.

- claims) Inmates of Allegheny County jail v. Pierce 487 F. Supp. at 610-45; Ruiz v. Estelle, 503 F. Supp 1265 1339 (S. D. Tex 1980).

12. Prisoners with disabilities or handicap are protected both by the Constitution and by federal statutes. Under, the Constitution, prison officials must meet the medical needs of disabled prisoners and furnish the assistance that they require in order to live a minimally decent life in prison. As one court put it "The prison authorities must take the prisoner as they find him and provide facilities compatible with his physical condition that meet civilized standards of decency. please see; In re Coca, 85 Cal. App. 3d 493. 149 Cal. RaTr 465, 470-71 (Cal. App. 1978)

13. It is not unlawful to send a seriously disabled person to prison as long as proper care is supplied, please see; people v. superior court (Beasley) 159 Cal. App. 3d 131, 205 Cal. RpTr. 413, 416 (Cal. App. 1984) Commissioner v. Coburn 336 Pa. Super. 203, 485, A.2d 502, 505 (Pa. Super. 1984)

14. Some courts have suggested that if a particular prison is unable to provide the necessary care, the prisoner must be moved to a facility that can provide it. please see; payne v. Lynaugh 843 F.2d 177, 178-79 (5th Cir. 1988) Yarbaugh v. Rach, 736 F. Supp, at 320 n. 7, Villa V. Franzen, 511 F. Supp. 231, 233-34 (N. D. Ill. 1981.

By: James Lee McKinnon

James Lee McKinnon prose
Walker Reception unit
1153-East Street South
Suffield Connecticut
06078

Plaintiff Memorandum of Law
Fact's Support in Opposition.

15. Previously This ban on discrimination against me Disabled applied onley To Federally funded agencies under Section 504 of The Rehobilitation Act of 1973. please see; That Statute provides 'no other wise qualified individual Shall, Solely by reason of his handicap be excluded From The participation In be denied The benefits of or be Subjected To discrimination under any program or activity receivig federal finacial assistance or under any program or activity conducted by any Executive agency" 29 U.S.C. § 794. Congress has made iT clear That any govermental department or agency receving federal money is Subject To The rehobilitation Act in all iT's operationes even if The particular program in dispute does not receive such funds.

16. The relief available includes equitable relief (an injunction) and backpay we believe That damages are available also; please See; Under The Rehabilitation Act The courts disagreed whether damages were available. Please Compare Smith V. Barton, 914 F.2d at 1337-38 (holding damages are available) with Eastman V. Virginia PolyTechnic Institute 939 F.2d 204, 207-09 (4Th Cir. 1991)(holding damages unavailable) Howevr, The Supreme Court has recenTly held That There is a presumption That if a federal statute creates a private cause of action damages are available. Franklin V. GwinneTT County Public Schools, 503 U.S. 112 S. CT. 1028.

By: James Lee McKinnon
James Lee McKinnon  prose
walker RecepTion uniT
1153-East Street South
Suffield ConnecTicuT
06078

Plaintiff Memorandum of Law
Facts Support in Opposition

— 1034-35-(1992). We believe that this holding should apply to the ADA. In addition, the federal regulations in providing that States are not entitled to immunity from suit for ADA violations, refers to remedies both at law and in equity." 28 C.F.R. § 35.178. Remedy at Law generally means damages.

17. Plaintiff is not required to exhaust administrative remedies before suing under the public entity provisions of Title 2, of the Americans with Diabilities Act; please see; Case law has made it clear that exhaustion is not required under the Rehabilitation Act. Smith v. Barton, 914 F.2d 1330, 1338 (9th Cir. 1990)

By: James Lee McKinnon

James Lee McKinnon pro se
Walker Reception unit
1153-East Street South
Suffield Connecticut
06078

Certification

I hereby certifiy That The foregoing was

mailed To The defendant's aTTorney of

Record This 16 Day of February, 2004

DefendanTs Individual Capacity

Linda Messenger, ETaL
Iris Prescott
Helen Dorsey

Richard T. CouTure
AssisTant ATTorney General
110 Sherman STreeT
HarTford ConnecTicuT
        06105

By: James Lee McKinnon

James Lee McKinnon prose
walker Reception uniT
1153-EasT STreeT SoUth
SuFField ConnecTicuT
        06078