United States District Court

**FILED**

2004 MAR -9 P 2:09

District of Connecticut

U.S. DISTRICT COURT
BRIDGEPORT, CONN

James McKinnon  Case 3:03CV158
(JCH)(HBF)

vs.

Linda Mesenger, ETaL
Iris Prescott         March 4, 2004
Helen Dorsey
Defendants Individual Capacity


Plaintiff Opposition Disputing the Defendant's Answer Dated February 26, 2004, Plaintiff Memorandum Support for Answer.

1. Plaintiff James McKinnon prose moves this court Respecfully with an Answer. Plaintiff understand that the court will never weigh the evidence; weigh the evidence or find the facts; However the court role under Rule 56 is exists as to material

By James McK
James Lee McKinnon
1153 East Street South
Suffield Connecticut
06078

Facts requiring a Trial, please see; Anderson v. Libeerty Lobly: Inc. 477 U.S. 242, 249. 106 CT 2505, 2510, 91 L. ED 202 (1986).

## Plaintiff Answer

2. Defendants are not in official Capacities that barred them by the Eleventh Amendment To the United States Constitution.

Plaintiff has stick to the following rules to get damages from State officials, Plaintiff must name the defendants in their individual or personal Capacities, please see; Hafer v. Melo, 502 U.S. 112 S. CT. 358, 364-65 (1991) Scheuer v. Rhodes, 416 U.S. 232, 238, 94 S. CT. 1683 (1974) Farid v. Smith, 850 F. 2d 917, 921 (2d Cir. 1988).

By *James Lee McKinnon*
James Lee McKinnon prose
1153- East Street South
Suffield Connecticut
06078

3. Defendants are not barred by immunity granted to state employees for malpractice or, negligence.

Remedies for Deliberate Indifference requiring prison officials to give proper medical care, A more general definition of serious medical need, refers to conditions that cause pain, discomfort and threat to good health, please see, Dean V. Coughlin 623 F. Supp. 392, 404 S.D.N.Y. 1995) accord, McGuckin V. Smith 974 F.2d at 1060 (chronic and substantial pain indicates that a medical need is serious) Farinaro V. Coughlin, 642 F. Supp, 276 279 (S.D.N.Y. 1986) Eighth Amendment requires a specific showing of pain discomfort, or threat to health).

4. Plaintiff has not fail to state a claim upon which relief can be granted.

Deliberate indifference by prison staff who are not doctors, prison officials defendants who are not doctors act with deliberate indifference

By x James McKinnon
James Lee McKinnon
1153-East Street South
Suffield Connecticut
06078

—Toward Plaintiff serious medical needs & intentionally denying access to medical care.

Also Deliberate indifference by prison Staff who are not doctors Defendants intentionally inerfering with the Treatment once prescribed; please see; Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)

5. Defendants are not qualified immunity, Also defendant Iris Prescott reasonably believed that Defendant Linda Mesenger facilities procedures and behavior was unnecessary for that reason to show existing scheduling of medical appointment in infirmary that was intentionall denial by Defendant Linda Mesenger. Exhibit "A".

6. Plaintiff Suffered from Defendants actual behavior, also pain and discomfort, Also violation of Eighth Amendment.

By x /s/ James Lee McKinnon
James Lee McKinnon prose
1153-East Street South
Suffield Connecticut
06078

7. Defendants claim To The extent That The plaintiff suffered any injury at all, which injury is not apparent from the record, and that such injury was the direct or indirect result of Plaintiff own misconduct in repeatedly and deliberately refusing To cooperate with The reasonable request of medical staff Defendants are staff.

Plaintiff was not refusing To cooperate with medical staff, fact conduct did not violate, as To defendants allegations

Plaintiff was denied The benefits of medical appointment was intentionally, Then good conduct Plaintiff To show court existing unnecessary behavior went To his cell in mental Health unit for a Inmate request form and went To Defendant Iris Prescott with question request Dated January 15, 2003 Exhibit 'A' and went To a Table and said I need The name an This request That sent you To my cell 12:00 pm and ask me The doctor I need To see, and That stop my medical appointment.

Byx *James Lee McKinnon*
James Lee McKinnon prase
1153-East Street South
Suffield Connecticut 06078

Exhibit "A"   *James Lee McKinnon*



# Inmate Request Form
## Connecticut Department of Correction

CN
Rev. 1.1

**Inmate Name** James McKinnon

**Inmate no.** 100-77C

**Facility** Garner

**Housing unit** H-Unit 209

**Date** 1-15-03

**Request** Nurse miss, Iris on 12-18-02 AT 12:00pm when you came to my cell and ask me what Doctor I needed to see, and I said mr. James O'Halloran. Then you left. I need to know the Person who ask you to tell me why at 2:00pm The reason I need to see the doctor when →

(continue on back if necessary)

**Previous Action Taken**

(continue on back if necessary)

**Submitted to** Iris Prescott

**Date** 1-15-03

**Acted on by** Iris Prescott

**Action Taken and/or Response**

I was asked by the ID nurse to ask you what the reason was you needed to see the doctor for. and because you did not give a reason, they would not see you until your next scheduled appointment unless it was an emergency.

(continue on back if necessary)

**Response to Inmate Date** 1-15-03

**Staff Member Signature** Mrs. R. Prescott

- iT was The Qualified individual's Defendants That's in violation.

PlainTiff has suffered "emotional illness" Also The pain and discomfort from the side-effect of medication.

8. PlainTiff allegations and other factual contentions have evidentiary support, are likely To have evidentiary support after a reasonable opportunity for further investigation or discovery.

9. PlainTiff with respecfully Answer Defendants SevenTH Defense.

This definition clearly includes correction departments and other agencies that operate prisons and jails. please see; Clarkson V. Coughlin 145 F.R.D. 339, 348 (S.D.N.Y. 1993) permitting prisoners To amend complaint To add an ADA claim). The federal regulations issued under The ADA acknowledge This paint by identifying the Department of —

By x James Lee McKinnon
James Lee McKinnon
Walker Reception unit
1153-East STreet South
Suffield Connecticut
06078

— Justice as the agency that is to implement compliance procedure concerning state and local correctional facilities. 28 C.F.R. § 35.190

There is no dispute that the rehabilitation Act appl to prisons. Harris v. Thigpen 941 F.2d 1495, 1521-22 (11th Cir 1991) Bonner v. Lewis 857 F.2d at 561-64 Casey V. Lewis 773 F. Supp. at 1370-72

Plaintiff impairment "Disability's mean's mental impairment that substantially limits one or more of the major life activities of an individual" Emotional illness" learning disabilities" H-I-V"

Any person who is denied the opportunity to participate in program on the basis of a disability may file a lawsuit in federal court claiming a violation of his her rights under the ADA. please see; 42 U.S.C. § 12133 (1994).

By: *James Lee McKinnon*
James Lee McKinnon prose
Walker Reception Unit
1153 East Street South
Suffield Connecticut
06078

# Certification

I hereby certify that the foregoing was mailed to the defendants attorney of record this 4th Day of march, 2004

Also this certify through this attachment that this claim to be true and to the best of my ability.

Defendants Individual Capacity

Linda Messenger, et al
Iris Prescott
Helen Dorsey
Richard T. Couture
Assistant Attorney General
110, Sherman Street
Hartford Connecticut
06005

By x *James Lee McEwin*
James Lee McKinnon pro se
MacDougall Walker
1153 East Street South
Suffield Connecticut
06078