United States District Court
District of Connecticut

FILED
2004 JUN 17 P 5:20
U.S. DISTRICT COURT
BRIDGEPORT, CONN

MAY 27 2004

James McKinnon    Civil no 3:03CV158
                      (JCH)(HBF)
  vs.

Linda Messenger, ETAL    May 24, 2004
Iris Prescott
Helen Dorsey
Defendants           Individul Capacity

Plaintiff motion for court To Deny Defendants motion dated March 18, 2004 for Summary judgment Defendants fail To establish the necessary facts required by The rules.

1. Plaintiff James McKinnon prose moves This court respectfully pursuant To Local Rule 56(E), request This honarable court To not held me in The same standards as an attorney.

By: *James Lee McKinnon*
James Lee McKinnon prose
MacDougall-Correctional
1153-East Street South
Suffield CT 06080

2. Please take notice defendant Linda Messenger documents filed March 18, 2004 with attached exhibits 'A' Through 'H' Affidavit was made in bad faith it appear.

3. Summary judgment is to be granted only if the court record before the court shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law Rule 56(E), Fed R. Civ. P.; A material fact is one that might affect the outcome of the suit under the governing law.

4. Defendant Linda Messenger has submit someone information that's not a issue or party in this proceeding Exhibit 'A'.

5. It appear in rule 56(G), Defendants Affidavit of Linda Messenger was made in bad faith should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party attorney may be adjudged guilty of contempt.

By: /s/ James M[...]

## Certification

I hereby certify that the foregoing was mailed to the defendants Attorney of record this <u>24th</u> Day of May 2004.

Defendants Individual Capacity
<u>Linda Messenger; ETAL
Iris Prescott
Helen Dorsey</u>

Richard T. Couture
Assistant Attorney General
110, Sherman Street
Hartford Connecticut
        06105

By x <u>James Lee McKinnon</u>
James Lee McKinnon prose
MacDougall-Correctional
1153-East Street South
Suffield CT 06080

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

SHANNON DICKINSON

v.

CONNECTICUT DEPARTMENT
OF CORRECTION, et al.[1]

PRISONER
Case No. 3:00CV1339(AHN)

## RULING ON DEFENDANTS' MOTION TO DISMISS

The plaintiff filed this civil rights action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. He alleges that the defendants violated his rights by housing him in a cell that was not wheelchair accessible. He alleges further that he fell when attempting to use a toilet that was not equipped with a grab bar. He seeks damages as well as an injunction requiring the defendants to make the facility wheelchair accessible. Pending is the defendants' motion to dismiss. For the reasons that follow, the defendants' motion is granted.

### Standard of Review

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most

---

[1] The named defendants in this action are the Connecticut Department of Correction, Commissioner John J. Armstrong, Warden Trapassieo, Dr. Stephen Stein and Nurse Dawn.

favorable to the plaintiff. See <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>Bernheim v. Litt</u>, 79 F.3d 318, 321 (2d Cir. 1996). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. See <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73 (1984); <u>Cooper v. Parsky</u>, 140 F.3d 433, 440 (2d Cir. 1998). The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." <u>United States v. Yale New Haven Hosp.</u>, 727 F. Supp. 784, 786 (D. Conn. 1990) (citing <u>Scheuer</u>, 416 U.S. at 232). In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." <u>Samuels v. Air Transport Local 504</u>, 992 F.2d 12, 15 (2d Cir. 1993). In reviewing this motion, the court is mindful that the Second Circuit "ordinarily require[s] the district courts to give substantial leeway to pro se litigants." <u>Gomes v. Avco Corp.</u>, 964 F.2d 1330, 1335 (2d Cir. 1992).

### Facts

Keeping this standard in mind, the court accepts as true the following allegations taken from the complaint.

The plaintiff, a paraplegic, is confined to a wheelchair. On July 16, 1999, he was brought to the Bridgeport Correctional Center. The rear door, through which inmates are routinely

2

transported, was not wheelchair accessible. The staff had to lift plaintiff's wheelchair up several steps and almost dropped him. The plaintiff later spoke to the deputy warden about the incident.

On July 20, 1999, a state court judge ordered that the plaintiff be moved to a wheelchair/handicapped accessible facility. The plaintiff was not immediately moved. Instead, he continued to be housed in the hospital unit which was wheelchair accessible.

At one point, the plaintiff was moved from the hospital unit to general population. Showers and toilet facilities in general population were not wheelchair accessible. The plaintiff was denied access to these facilities for two days, at which time he was returned to the hospital unit. Even in the hospital unit, the toilets were not equipped with grab bars and the toilet bowls were too low. On October 13, 1999, the plaintiff was moved from the hospital unit to room 14 for two weeks because the hospital unit was overcrowded. Room 14 was not equipped with a toilet or sink. The plaintiff filed a grievance on November 15, 1999.

On December 15, 1999, the plaintiff fell while trying to move from his wheelchair to the toilet. He hit his head on the wall and injured his neck. Nurses Tony, Jeff and June Smith responded to his call. They lifted him from the floor and placed him on his bed. Nurse Jeff, the head shift nurse, determined that the plaintiff required a neck brace. Nurse Tony disagreed.

3

Nurse Jeff put a soft-collar neck brace on the plaintiff. The plaintiff was left in pain. He did not immediately see a doctor. On December 17, 1999, defendant Nurse Dawn informed the plaintiff that he no longer required the neck brace. On December 21, 1999, the plaintiff was seen by Defendant Dr. Stein. On December 26, 1999, the plaintiff wrote a letter to the Warden about the absence of a grab bar on the toilet. On December 30, 1999, the plaintiff was transferred to the Radgowski Correctional Institution. He could not stay there because he was a pretrial detainee and Radgowski did not house unsentenced inmates. The plaintiff returned to Bridgeport Correctional Center and, one week later, was transferred to Corrigan Correctional Institution.

## Discussion

The defendants have filed a motion to dismiss on six grounds: (1) the claim for injunctive relief is moot; (2) the plaintiff has not exhausted his administrative remedies; (3) the claims for damages asserted against the defendants in their official capacities are barred by the Eleventh Amendment; (4) the plaintiff has not alleged the personal involvement or responsibility of any defendant; (5) the complaint fails to state a claim upon which relief may be granted; and (6) the defendants are protected by qualified immunity.

I. Injunctive Relief

The plaintiff seeks injunctive relief in the form of an order that Bridgeport Correctional Center make the necessary

4

alterations to become wheelchair accessible. The defendants move to dismiss all claims for injunctive relief on the ground that the claims are moot because, at the time he filed this action, the plaintiff was incarcerated in New York.

The Second Circuit has held that an inmate's request for declaratory and injunctive relief against correctional staff at a particular correctional institution becomes moot when the inmate is discharged or transferred to a different correctional institution. See Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976). See also Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed").

A review of the file reveals that the plaintiff has returned to Connecticut and is incarcerated at the Osborn Correctional Institution. He argues that his claim is not moot because it is "capable of repetition, yet evading review" and there is a reasonable likelihood that the condition giving rise to the claim will recur. Although a transfer back to the Bridgeport Correctional Center is possible, there is no indication in the record that the plaintiff, now a sentenced inmate rather than a pretrial detainee, will be transferred back to the Bridgeport Correctional Center at any time prior to the completion of his

5

one-year sentence.[2]  See Renne v. Geary, 501 U.S. 312, 320 (1991) ("[T]he mootness exception for disputes capable of repetition yet evading review ... will not revive a dispute which became moot before the action commenced").  Accordingly, the court concludes that his claims for injunctive relief are moot.

II.  Exhaustion of Administrative Remedies

The court next considers the defendants' argument that the plaintiff has not exhausted his administrative remedies.  The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a),[3] requires an inmate to exhaust "administrative remedies as are available" before bringing an "action . . . with respect to prison conditions."  The term "prison conditions" is not defined in the statute.  The Second Circuit has stated that "a prisoner is required to exhaust administrative remedies pursuant to § 1997e(a) only if the challenged conduct on the part of correctional employees was conduct which was either clearly mandated by a prison policy or undertaken pursuant to a systemic practice."  Marvin v. Goord, ___ F.3d ___, 2001 WL 686838, at *1 (2d Cir. 2001) (per curiam).

---

[2]The plaintiff states that he was sentenced to two four-year terms of imprisonment, execution suspended after one year.  He returned to Connecticut to begin serving that sentence in May 2001.  (See Pl.'s Mem. Opp. at 4.)

[3]Section 1997e(a) provides:  "No action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Here, the plaintiff is challenging the wheelchair accessibility of the Bridgeport Correctional Center and the medical attention he received in response to his fall. Clearly, the wheelchair accessibility of correctional facilities is a matter of departmental policy.

To date, the Second Circuit has not determined whether the exhaustion requirement applies to the alleged denial of proper medical treatment. This district, however, has held that the provision of medical treatment is a condition of confinement requiring the exhaustion of administrative remedies before filing suit pursuant to section 1983. See Calca v. Keefe, No. Civ.3:98CV01685(AWT), 2001 WL 256170, at *3 (D. Conn. Mar. 8. 2001) (distinguishing claims for assault from claims concerning the adequacy of food, clothing, shelter and medical care and holding that exhaustion requirement applies to claim of denial of non-emergency medical care); Martino v. Korch, No. 3:99cv2057(HBF), slip op. at 4 (D. Conn. Oct. 12, 2000) (Ruling on Motion to Dis____ ,concluding that exhaustion requirement applied to claim of deliberate indifference to a serious medical need). See also ____ v. Perez, 121 F. Supp. 2d 317, 321 (S.D.N.Y. 2000) (h__ding that claims of deliberate indiffer_ to medical needs require exhaustion of administrative remedies)(citing Cruz v. Gorton, 80 F. Supp. 2d 109, 116 (S.D.N.Y. 1999)). The court concludes that the wheelchair accessibility of the facility and the provision of medical care

7

are prison conditions. Thus, exhaustion of administrative remedies is required before an action pursuant to section 1983 is cognizable.

In opposition, the plaintiff contends that exhausting his administrative remedies would be futile because he seeks monetary damages which are not available through the inmate grievance process. In a recent decision, the Supreme Court has held that inmates are required to exhaust administrative remedies before filing suit in federal court regardless of the relief sought. See Booth v. Churner, ___ U.S. ___, 2001 WL 567712, at *2 (May 29, 2001). Thus, the plaintiff's argument is without merit.

The defendants have attached to their motion to dismiss a copy of State of Connecticut Department of Correction Administrative Directive 9.6 describing the grievance process that was applicable at the time of the incidents giving rise to this action. The directive provides that the inmate should attempt to resolve the problem informally and then file a grievance. If the grievance is denied, the inmate may appeal the denial.

The plaintiff has provided a copy of an inmate grievance he filed on November 15, 1999. In the grievance, the plaintiff stated that he was not confined in general population because the dormitories were not wheelchair accessible and sought additional recreation time. Despite the plaintiff's characterization, this grievance does not challenge the lack of access to adequate

7603 (CSH), 1995 WL 358676, at *3 (S.D.N.Y. June 14, 1995) (considering the exhaustion requirement for federal inmates and determining that inmate who was not in federal custody at the time he first asserted his claim was not excused from exhaustion requirement; inmate could assert his claim once he entered federal custody).

The defendants' motion to dismiss is granted as to the section 1983 claims. The plaintiff may file an action containing these claims after he exhausts his administrative remedies.

III. ADA and Rehabilitation Act Claim

The plaintiff also brings this action pursuant to section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132.

Title II of the ADA and section 504 of the Rehabilitation Act apply to inmates in state correctional institutions. See Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206 (1998) (ADA); Clarkson v. Coughlin, 898 F. Supp. 1019, 1035 (S.D.N.Y. 1995) (Rehabilitation Act). Both statutes permit claims to be asserted against covered entities which include states and state agencies or departments. The Second Circuit has held that "Congress has validly abrogated the States' immunity from suit under both the ADA and Section 504 of the Rehabilitation Act." Kilcullen v. New York State Dep't of Labor, 205 F.3d 77, 82 (2d Cir. 2000). Although the Supreme Court has held that Congress did not validly abrogate state sovereign immunity with regard to

Title I of the ADA, it expressly reserved decision with regard to Title II. See Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 121 S. Ct. 955, 960 n.1 & 968 (2001) (dismissing certiorari as improvidently granted regarding whether Title II constitutes a valid abrogation of state sovereign immunity).

The federal courts specifically addressing the issue are split over whether Title II constitutes a valid abrogation of state sovereign immunity. See, e.g., Alsbrook v. City of Maumelle, 184 F.3d 999, 1010 (8th Cir. 1999) (holding invalid Congress' attempt to abrogate state sovereign immunity under Title II of the ADA), cert. dismissed, 529 U.S. 1001 (2000); Bane v. Virginia Dep't of Corrections, 110 F. Supp. 2d 469, 474-77 (W.D. Va. 2000) (summarizing prevailing analysis and holding invalid Congress' attempt to abrogate state sovereign immunity under Title II of the ADA); but see, e.g., Dare v. California, 191 F.3d 1167 (9th Cir. 1999) (holding the abrogation of state sovereign immunity was properly effected under Title II). One decision within this district has dismissed without discussion an ADA claim filed by a prisoner on the ground that the Eleventh Amendment barred the claim. See Mincewicz v. Parker, No. 3:00cv1433(CFD), 2001 WL 256162, at *3 (D. Conn. Feb. 26. 2001).

This court, however, need not resolve the abrogation of sovereign immunity issue. Even if Congress has validly abrogated state sovereign immunity in enacting Title II, the claims should be dismissed.

11

Although the Second Circuit has not yet determined whether the exhaustion requirement also applies to the plaintiff's ADA and Rehabilitation Act claims, the Sixth Circuit has determined that the requirement does apply. In considering claims asserted by a federal prisoner under the ADA and Rehabilitation Act, the Sixth Circuit held that the Prison Litigation Reform Act requires a prisoner to exhaust his administrative remedies before filing a federal action regarding any claims. See Lavista v. Beeler, 195 F.3d 254, 258 (6th Cir. 1999).

Section 1997e(a) refers to "any other federal law." 42 U.S.C. § 1997e(a). In this case, the plaintiff's ADA and Rehabilitation Act claims concern conditions of confinement. Thus, the court concludes that the exhaustion requirement should apply to plaintiff's ADA and Rehabilitation Act claims as well as his section 1983 claims.[5] Accordingly, these claims are dismissed without prejudice for failure to exhaust administrative remedies.[6]

---

[5] The court notes that in an unpublished decision, the Tenth Circuit affirmed the dismissal of a state inmates ADA and Rehabilitation Act claims because the inmate had not exhausted his administrative remedies before filing his federal action. See Lee v. Suther, No. 00-1014 (D.C. No. 99-Z-1568), 2001 WL 10244 (10th Cir. Jan. 4, 2001).

[6] Because the court has dismissed all claims on the grounds discussed, the court need not consider the remaining grounds raised by the defendants.

Conclusion

The defendants' Motion to Dismiss [doc. #13] is **GRANTED**. The Clerk is directed to enter judgment in favor of the defendants and close this case. The judgment is without prejudice to the plaintiff commencing an action containing these claims after he exhausts his administrative remedies. In light of this ruling, the plaintiff's Motion for Appointment of Counsel [doc. #22] is **DENIED** as moot.

   **SO ORDERED** this 24 day of July, 2001, at Bridgeport, Connecticut.

                                   _____
                                         Alan H. Nevas
                                   United States District Judge

13