UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES McKINNON | : | PRISONER<br>CIVIL NO. 3:03CV158 (JCH)(HBF) |
| v. | : | |
| LINDA MESSENGER, ET AL. | : | JUNE 22, 2004 |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
TO CONVERT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
INTO A RULE 12(b) MOTION TO DISMISS**

**I.  INTRODUCTION**

The defendants filed their Motion for Summary Judgment on March 19, 2004. Since that time, the plaintiff has filed a number of "pleadings" that are in no way responsive to the defendants' pending Motion for Summary Judgment. Most recently, the plaintiff has filed a motion seeking to have the defendants' Motion for Summary Judgment converted to a Motion to Dismiss.

**II.  ARGUMENT**

The plaintiff's motion to convert the defendants' Motion for Summary Judgment into a Motion to Dismiss consists of seven paragraphs which are not at all responsive to any of the issues set forth in the defendants' Motion for Summary Judgment.

A defense of lack of jurisdiction over the subject matter may be raised at any time. F.R.Civ.P., § 12(h)(3). If matters outside the pleading are presented to the Court in connection with a motion asserting a failure to state a claim, it shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. F.R.Civ.P., § 12(b). In the present case, the defendants' Motion for Summary Judgment includes affidavits and exhibits outside the

pleadings. Since such a motion must be treated as a motion for summary judgment, the defendants decided to refer to it as a motion for summary judgment.

In another unrelated matter, the plaintiff attaches to his pleading one page from the January, 2004 medication administration record relating to another inmate for reasons that remain unclear. Apparently the January, 2004 medication card relating to another inmate was inadvertently included in the package that was sent to the plaintiff in response to his request for copies of his voluminous medical records. The three defendants in this case were all employed at the Garner Correctional Institution ("Garner C.I.") when the plaintiff was residing at that facility. All of the claims in this case relate to the actions of the three defendants at Garner C.I. The plaintiff was transferred out of Garner C.I. on February 25, 2003 and has not returned to that facility since then. The fact that the plaintiff may have recently been sent a copy of a medication card of another inmate along with a copy of his own voluminous medical records has no relevancy to any of the issues in this case.

### III.   CONCLUSION

For all of the reasons set forth herein and in the defendants' prior pleadings, the defendants' Motion for Summary Judgment should be granted.

                              DEFENDANTS
                              Linda Messenger, et al.

                              RICHARD BLUMENTHAL
                              ATTORNEY GENERAL

BY: _____/s/_____
      Richard T. Couture
      Assistant Attorney General
      110 Sherman Street
      Hartford, CT  06105
      Federal Bar #ct05480
      E-Mail:  richard.couture@po.state.ct.us
      Tel.: (860) 808-5450
      Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed on this 22nd day of June, 2004, to:

James McKinnon, No. 100770
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT  06080


_____/s/_____
Richard T. Couture
Assistant Attorney General