# United States District Court

# District of Connecticut

**FILED**

2004 JUL -6 P 4: 47

U.S. DISTRICT COURT
BRIDGEPORT, CONN

James McKinnon   Civil no. 3:03CV158

VS.                         (JCH) (HBF)

Linda Mesenger ; ETAL    July. 1, 2004
Iris    Prescott
Helen   Dorsey
Defendats          Individual   Capacity?

Plaintiff Motion For Summary Judgment
Support under. Rule. 56, G, Affidavits Made in
Bad Faith; Response To Defendats Motion
Dated June, 22, 2004.

1. Plaintiff James McKinnon Pro se moves This
Court respecfully pursuant To fed Rule 56,g, Should
it appear To The Satisfaction of The court at any
Time That any of The affidavits presented pursu-
ant To This rule are presented in bad faith The court
shall forthwith order The party employing Them
To pay To The oTher party The amount of The reas-
onable expenses which The filing of The affidavits
caused The oTher party To incur, including reasonable
aTTorney's fees, and any offending party or aTTorney
my be adjuded guilTy of conTempT.

By James McKinnon
James McKinnon  Pro se

2. Plaintiff grounds for relief stated direct for the record defendant Linda Messenger, ETAL Affidavit Filed march 18, 2004 has Exhibits' That are outside complaint of a Inmate Shannon Diskinson, civil no. 3:00cv1339(AHN) with a decisions From july 24, 2004 in Bridge-port Connecticut a United States District Judge name Mr. Alan H. Nevas.

Review the Exhibit-A-

James McKinnon prose

# Certification

I hereby Certify That The Foregoing was mailed To The defendants Attorney of record This 1 Day of July 2004

Defendants Individual Capacity

Linda messenger; ETAL
Iris Prescott
Helen Dorsey

Richard T. Couture
Assistant Attorney General
110, Sheman Street
Hartford Connecticut
06105

By James McKinnon
James McKinnon prose
macDougall C I
1153-East Street South
Suffield CT 06080

*Exhibit A James McKin*
*James McKin*

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|                        |   |                                         |
|------------------------|---|-----------------------------------------|
|                        |   | PRISONER                                |
| JAMES McKINNON         | : | CIVIL NO. 3:03CV158 (JCH)(HBF)          |
|                        |   |                                         |
| v.                     | : |                                         |
|                        |   |                                         |
| LINDA MESSENGER, ET AL.| : | MARCH 18, 2004                          |

## NOTICE OF MANUAL FILING

Please take notice that defendants, Linda Messenger, et al., have manually filed the following documents:

a.  Affidavit of Linda Messenger, L.P.N., with attached exhibits A through H;
b.  Affidavit of Iris Carlone, R.N., with attached exhibit A;
c.  Affidavit of Helen Dorsey;
d.  Affidavit of James O'Halloran, D.O., with attached exhibits A through G;
e.  Affidavit of Edward Blanchette, M.D.;
f.  Affidavit of Joan Dobson, R.N.;
g.  Affidavit of Barbara Straiton, L.P.N., with attached exhibit A; and
h.  Attachments A (Administrative Directive 9.6) and C (Ruling and Order July 24, 2001 AHN) to Defendants' Memorandum in Support of Motion for Summary Judgment.

These document have not been filed electronically because

[ X ]   the documents cannot be converted to an electronic format
[   ]   the electronic file size of the document exceeds 1.5 megabytes
[   ]   the document or thing is filed under seal pursuant to Local Rule of Civil Procedure 5(d) or Local Rule of Criminal Procedure 57(b)
[   ]   Plaintiff/Defendant is excused from filing this document or thing by Court order.

The documents have been manually served on all parties.

Respectfully submitted,

_Richard Couture_

Richard T. Couture
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Phone: (860) 808-5450
Fax: (860) 808-5591
E-mail: richard.couture@po.state.ct.us
Federal Bar No. ct05480

## CERTIFICATION

I hereby certify that a copy of the foregoing Notice of Manual Filing was sent by first

class mail, postage prepaid, this 18th day of March, 2004, to:

James McKinnon, No. 100770
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT  06080


Richard T. Couture
Assistant Attorney General

UNITED STATES DISTRICT COURT

U.S. DISTRICT COURT
BRIDGEPORT CONN.

DISTRICT OF CONNECTICUT        JUL 25  9 35 AM '01

*James McKinni*    FILED

SHANNON DICKINSON            :

          v.                 :            PRISONER
                             :    Case No. 3:00CV1339(AHN)
                             :
CONNECTICUT DEPARTMENT        :
OF CORRECTION, et al.[1]      :


## RULING ON DEFENDANTS' MOTION TO DISMISS

The plaintiff filed this civil rights action pro se and in
forma pauperis pursuant to 28 U.S.C. § 1915.  He alleges that the
defendants violated his rights by housing him in a cell that was
not wheelchair accessible.  He alleges further that he fell when
attempting to use a toilet that was not equipped with a grab bar.
He seeks damages as well as an injunction requiring the
defendants to make the facility wheelchair accessible.  Pending
is the defendants' motion to dismiss.  For the reasons that
follow, the defendants' motion is granted.

### Standard of Review

When considering a Rule 12(b) motion to dismiss, the court
accepts as true all factual allegations in the complaint and
draws inferences from these allegations in the light most

_____

[1]The named defendants in this action are the Connecticut
Department of Correction, Commissioner John J. Armstrong, Warden
Trapassieo, Dr. Stephen Stein and Nurse Dawn.

favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232,
236 (1974); Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996).
Dismissal is warranted only if, under any set of facts that the
plaintiff can prove consistent with the allegations, it is clear
that no relief can be granted.  See Hishon v. King & Spaulding,
467 U.S. 69, 73 (1984); Cooper v. Parsky, 140 F.3d 433, 440 (2d
Cir. 1998).  The issue on a motion to dismiss is not whether the
plaintiff will prevail, but whether the plaintiff is entitled to
offer evidence to support his or her claims."  United States v.
Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990)
(citing Scheuer, 416 U.S. at 232).  In its review of a motion to
dismiss, the court may consider "only the facts alleged in the
pleadings, documents attached as exhibits or incorporated by
reference in the pleadings and matters of which judicial notice
may be taken."  Samuels v. Air Transport Local 504, 992 F.2d 12,
15 (2d Cir. 1993).  In reviewing this motion, the court is
mindful that the Second Circuit "ordinarily require[s] the
district courts to give substantial leeway to pro se litigants."
Gomes v. Avco Corp., 964 F.2d 1330, 1335 (2d Cir. 1992).

<u>Facts</u>

    Keeping this standard in mind, the court accepts as true the
following allegations taken from the complaint.

    The plaintiff, a paraplegic, is confined to a wheelchair.
On July 16, 1999, he was brought to the Bridgeport Correctional
Center.  The rear door, through which inmates are routinely

2

transported, was not wheelchair accessible. The staff had to lift plaintiff's wheelchair up several steps and almost dropped him. The plaintiff later spoke to the deputy warden about the incident.

On July 20, 1999, a state court judge ordered that the plaintiff be moved to a wheelchair/handicapped accessible facility. The plaintiff was not immediately moved. Instead, he continued to be housed in the hospital unit which was wheelchair accessible.

At one point, the plaintiff was moved from the hospital unit to general population. Showers and toilet facilities in general population were not wheelchair accessible. The plaintiff was denied access to these facilities for two days, at which time he was returned to the hospital unit. Even in the hospital unit, the toilets were not equipped with grab bars and the toilet bowls were too low. On October 13, 1999, the plaintiff was moved from the hospital unit to room 14 for two weeks because the hospital unit was overcrowded. Room 14 was not equipped with a toilet or sink. The plaintiff filed a grievance on November 15, 1999.

On December 15, 1999, the plaintiff fell while trying to move from his wheelchair to the toilet. He hit his head on the wall and injured his neck. Nurses Tony, Jeff and June Smith responded to his call. They lifted him from the floor and placed him on his bed. Nurse Jeff, the head shift nurse, determined that the plaintiff required a neck brace. Nurse Tony disagreed.

3

Nurse Jeff put a soft-collar neck brace on the plaintiff. The plaintiff was left in pain. He did not immediately see a doctor. On December 17, 1999, defendant Nurse Dawn informed the plaintiff that he no longer required the neck brace. On December 21, 1999, the plaintiff was seen by Defendant Dr. Stein. On December 26, 1999, the plaintiff wrote a letter to the Warden about the absence of a grab bar on the toilet. On December 30, 1999, the plaintiff was transferred to the Radgowski Correctional Institution. He could not stay there because he was a pretrial detainee and Radgowski did not house unsentenced inmates. The plaintiff returned to Bridgeport Correctional Center and, one week later, was transferred to Corrigan Correctional Institution.

<u>Discussion</u>

The defendants have filed a motion to dismiss on six grounds: (1) the claim for injunctive relief is moot; (2) the plaintiff has not exhausted his administrative remedies; (3) the claims for damages asserted against the defendants in their official capacities are barred by the Eleventh Amendment; (4) the plaintiff has not alleged the personal involvement or responsibility of any defendant; (5) the complaint fails to state a claim upon which relief may be granted; and (6) the defendants are protected by qualified immunity.

I.    <u>Injunctive Relief</u>

The plaintiff seeks injunctive relief in the form of an order that Bridgeport Correctional Center make the necessary

4

alterations to become wheelchair accessible. The defendants move to dismiss all claims for injunctive relief on the ground that the claims are moot because, at the time he filed this action, the plaintiff was incarcerated in New York.

The Second Circuit has held that an inmate's request for declaratory and injunctive relief against correctional staff at a particular correctional institution becomes moot when the inmate is discharged or transferred to a different correctional institution. See Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976). See also Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed").

A review of the file reveals that the plaintiff has returned to Connecticut and is incarcerated at the Osborn Correctional Institution. He argues that his claim is not moot because it is "capable of repetition, yet evading review" and there is a reasonable likelihood that the condition giving rise to the claim will recur. Although a transfer back to the Bridgeport Correctional Center is possible, there is no indication in the record that the plaintiff, now a sentenced inmate rather than a pretrial detainee, will be transferred back to the Bridgeport Correctional Center at any time prior to the completion of his

5

one-year sentence.[2]  See Renne v. Geary, 501 U.S. 312, 320 (1991)

("[T]he mootness exception for disputes capable of repetition yet

evading review ... will not revive a dispute which became moot

before the action commenced").  Accordingly, the court concludes

that his claims for injunctive relief are moot.

II.  Exhaustion of Administrative Remedies

     The court next considers the defendants' argument that the

plaintiff has not exhausted his administrative remedies.  The

Prison Litigation Reform Act, 42 U.S.C. § 1997e(a),[3] requires an

inmate to exhaust "administrative remedies as are available"

before bringing an "action . . . with respect to prison

conditions."  The term "prison conditions" is not defined in the

statute.  The Second Circuit has stated that "a prisoner is

required to exhaust administrative remedies pursuant to §

1997e(a) only if the challenged conduct on the part of

correctional employees was conduct which was either clearly

mandated by a prison policy or undertaken pursuant to a systemic

practice."  Marvin v. Goord, ___ F.3d ___, 2001 WL 686838, at *1

(2d Cir. 2001) (per curiam).

─────────────────────

     [2]The plaintiff states that he was sentenced to two four-year
terms of imprisonment, execution suspended after one year.  He
returned to Connecticut to begin serving that sentence in May
2001.  (See Pl.'s Mem. Opp. at 4.)

     [3]Section 1997e(a) provides:  "No action shall be brought
with respect to prison conditions under section 1983 of this
title or any other Federal law, by a prisoner confined in any
jail, prison, or other correctional facility until such
administrative remedies as are available are exhausted."

Here, the plaintiff is challenging the wheelchair accessibility of the Bridgeport Correctional Center and the medical attention he received in response to his fall. Clearly, the wheelchair accessibility of correctional facilities is a matter of departmental policy.

To date, the Second Circuit has not determined whether the exhaustion requirement applies to the alleged denial of proper medical treatment. This district, however, has held that the provision of medical treatment is a condition of confinement requiring the exhaustion of administrative remedies before filing suit pursuant to section 1983. See Calca v. Keefe, No. Civ.3:98CV01685(AWT), 2001 WL 256170, at *3 (D. Conn. Mar. 8, 2001) (distinguishing claims for assault from claims concerning the adequacy of food, clothing, shelter and medical care and holding that exhaustion requirement applies to claim of denial of non-emergency medical care); Martino v. Korch, No. 3:99cv2057(HBF), slip op. at 4 (D. Conn. Oct. 12, 2000) (Ruling on Motion to Dis ... concluding that exhaustion requirement applied to claim of deliberate indifference to a serious medical need). See also ... v. Perez, 121 F. Supp. 2d 317, 321 (S.D.N.Y. 2000) (holding that claims of deliberate indiffer to medical needs require exhaustion of administrative remedies)(citing Cruz v. Gorton, 80 F. Supp. 2d 109, 116 (S.D.N.Y. 1999)). The court concludes that the wheelchair accessibility of the facility and the provision of medical care

7

are prison conditions.  Thus, exhaustion of administrative
remedies is required before an action pursuant to section 1983 is
cognizable.

In opposition, the plaintiff contends that exhausting his
administrative remedies would be futile because he seeks monetary
damages which are not available through the inmate grievance
process.  In a recent decision, the Supreme Court has held that
inmates are required to exhaust administrative remedies before
filing suit in federal court regardless of the relief sought.
See Booth v. Churner, ___ U.S. ___, 2001 WL 567712, at *2 (May
29, 2001).  Thus, the plaintiff's argument is without merit.

The defendants have attached to their motion to dismiss a
copy of State of Connecticut Department of Correction
Administrative Directive 9.6 describing the grievance process
that was applicable at the time of the incidents giving rise to
this action.  The directive provides that the inmate should
attempt to resolve the problem informally and then file a
grievance.  If the grievance is denied, the inmate may appeal the
denial.

The plaintiff has provided a copy of an inmate grievance he
filed on November 15, 1999.  In the grievance, the plaintiff
stated that he was not confined in general population because the
dormitories were not wheelchair accessible and sought additional
recreation time.  Despite the plaintiff's characterization, this
grievance does not challenge the lack of access to adequate

8

shower and toilet facilities in general population. Rather, it
seeks recreation time comparable to that afforded other general
population inmates. Also, the grievance was filed before the
plaintiff fell. Thus, it does not challenge the adequacy of
medical care. The court concludes that the plaintiff has not
exhausted his administrative remedies.

The court notes that, at the time he filed this action, the
plaintiff had been transferred to a correctional institution in
New York. This fact does not excuse his failure to exhaust
administrative remedies. In <u>Booth</u>, the Supreme Court noted that
the inmate had been transferred but assumed only that his claims
for injunctive relief were rendered moot by the transfer. The
damages claims remained viable and subject to the exhaustion
requirement.[4] <u>See</u> 2001 WL 567712 at *2, n.2. A district court
within this circuit has remarked that inmates should not be
rewarded for failing to participate in the institutional
grievance process by being able to file an action in federal
court without first seeking relief in the institutional grievance
process. <u>See</u> <u>Santiago v. Meinsen</u>, 89 F. Supp. 2d 435, 441
(S.D.N.Y. 2000); <u>see also</u> <u>Arashi v. United States</u>, No. 94 Civ.

---

[4] The court notes that in an unpublished decision, one
district court has relied on <u>Booth</u> in determining that the fact
that an inmate was transferred from New Hampshire to
Massachusetts did not relieve him of the obligation to comply
with the exhaustion requirement of 42 U.S.C. § 1997e(a). <u>See</u>
<u>LaFauci v. New Hampshire Dep't of Corrections</u>, No. Civ. 99-253-M,
2001 WL 716123, at *2, n.1 (D.N.H. June 5, 2001).

7603 (CSH), 1995 WL 358676, at *3 (S.D.N.Y. June 14, 1995)
(considering the exhaustion requirement for federal inmates and
determining that inmate who was not in federal custody at the
time he first asserted his claim was not excused from exhaustion
requirement; inmate could assert his claim once he entered
federal custody).

The defendants' motion to dismiss is granted as to the
section 1983 claims. The plaintiff may file an action containing
these claims after he exhausts his administrative remedies.

III. ADA and Rehabilitation Act Claim

The plaintiff also brings this action pursuant to section
504 of the Rehabilitation Act, 29 U.S.C. § 794, and Title II of
the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132.

Title II of the ADA and section 504 of the Rehabilitation
Act apply to inmates in state correctional institutions. See
Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206 (1998)
(ADA); Clarkson v. Coughlin, 898 F. Supp. 1019, 1035 (S.D.N.Y.
1995) (Rehabilitation Act). Both statutes permit claims to be
asserted against covered entities which include states and state
agencies or departments. The Second Circuit has held that
"Congress has validly abrogated the States' immunity from suit
under both the ADA and Section 504 of the Rehabilitation Act."
Kilcullen v. New York State Dep't of Labor, 205 F.3d 77, 82 (2d
Cir. 2000). Although the Supreme Court has held that Congress
did not validly abrogate state sovereign immunity with regard to

10

Title I of the ADA, it expressly reserved decision with regard to Title II. See Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 121 S. Ct. 955, 960 n.1 & 968 (2001) (dismissing certiorari as improvidently granted regarding whether Title II constitutes a valid abrogation of state sovereign immunity).

The federal courts specifically addressing the issue are split over whether Title II constitutes a valid abrogation of state sovereign immunity. See, e.g., Alsbrook v. City of Maumelle, 184 F.3d 999, 1010 (8th Cir. 1999) (holding invalid Congress' attempt to abrogate state sovereign immunity under Title II of the ADA), cert. dismissed, 529 U.S. 1001 (2000); Bane v. Virginia Dep't of Corrections, 110 F. Supp. 2d 469, 474-77 (W.D. Va. 2000) (summarizing prevailing analysis and holding invalid Congress' attempt to abrogate state sovereign immunity under Title II of the ADA); but see, e.g., Dare v. California, 191 F.3d 1167 (9th Cir. 1999) (holding the abrogation of state sovereign immunity was properly effected under Title II). One decision within this district has dismissed without discussion an ADA claim filed by a prisoner on the ground that the Eleventh Amendment barred the claim. See Mincewicz v. Parker, No. 3:00cv1433(CFD), 2001 WL 256162, at *3 (D. Conn. Feb. 26. 2001).

This court, however, need not resolve the abrogation of sovereign immunity issue. Even if Congress has validly abrogated state sovereign immunity in enacting Title II, the claims should be dismissed.

11

Although the Second Circuit has not yet determined whether the exhaustion requirement also applies to the plaintiff's ADA and Rehabilitation Act claims, the Sixth Circuit has determined that the requirement does apply.  In considering claims asserted by a federal prisoner under the ADA and Rehabilitation Act, the Sixth Circuit held that the Prison Litigation Reform Act requires a prisoner to exhaust his administrative remedies before filing a federal action regarding any claims.  See Lavista v. Beeler, 195 F.3d 254, 258 (6th Cir. 1999).

Section 1997e(a) refers to "any other federal law." 42 U.S.C. § 1997e(a).  In this case, the plaintiff's ADA and Rehabilitation Act claims concern conditions of confinement. Thus, the court concludes that the exhaustion requirement should apply to plaintiff's ADA and Rehabilitation Act claims as well as his section 1983 claims.[5]  Accordingly, these claims are dismissed without prejudice for failure to exhaust administrative remedies.[6]

---

[5]The court notes that in an unpublished decision, the Tenth Circuit affirmed the dismissal of a state inmates ADA and Rehabilitation Act claims because the inmate had not exhausted his administrative remedies before filing his federal action. See Lee v. Suther, No. 00-1014 (D.C. No. 99-Z-1568), 2001 WL 10244 (10th Cir. Jan. 4, 2001).

[6]Because the court has dismissed all claims on the grounds discussed, the court need not consider the remaining grounds raised by the defendants.

12

## Conclusion

The defendants' Motion to Dismiss [doc. #13] is GRANTED. The Clerk is directed to enter judgment in favor of the defendants and close this case. The judgment is without prejudice to the plaintiff commencing an action containing these claims after he exhausts his administrative remedies. In light of this ruling, the plaintiff's Motion for Appointment of Counsel [doc. #22] is DENIED as moot.

SO ORDERED this __24__ day of July, 2001, at Bridgeport, Connecticut.

Alan H. Nevas
United States District Judge

13