# United States District Court
# District of Connecticut

James McKinnon  Civil No. 3:03CV158
VS.                    (JCH) (HBF)
Linda Messenger, ETAL    September 9, 2004
Iris Prescott
Helen Dorsey
Defendants   Individual Capacity

Plaintiff Opposition To Defendants Respose Dated July 16, 2004, Received September 8, 2004 forwarded delay; Defendan motion for Summary Judgment Memorandum affidavits does not compl with requirements under Rule 56 of the Fed. R. Civ. Proc. relating Inmates Confident- iality Information. Plaintiff has Exhibit for Supporting Opposition.

1. Plaintiff James McKinnon pro se request respecfully that this hanorable court to not held me in the same standards as an attorney

Also request consideration in the obove cap- tion case plaintiff who is lacking oppropr- iate resources and assistance in this case.

Respecfully
Plaintiff:
Byx James Lee McKinnon
James Lee McKinnon prose
Corrigan Correctional
986. Norwich New London
Uncaville CT  06382

1 of 6

2. Summary judgment is to be granted only if the Court record before the court shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of Law. Rule 56,E, Fed.Civ.P., A material fact is one that might affect the outcome of the suit under the governing Law.

3. Plaintiff move this court respectfully to please take notice defendant's memorandum, affidavits dated March 18, 2004, has a outside-complaint Inmate Shannon Diskinson case no 3:00cv1339 (AHN), with a court Order that's dated July 24, 2001,

4. Confidentiality Information regarding an inmate's healthcare shall be protected as required by C.G.S. 899. Such information is governed by the provision of C.G.S. 52-146d through 52-146j,

5. The casual unjustified dissemination of Confidential medical information to non-medical staff and other prisoners or inmates is unconstitutional. See, Casey v. Lewis, 834 F. Supp. 1477, 1546 (D Ariz. 1993) (Condemning sick call system that required inmates to discuss medical problems in other inmates hearing).

Respectfully
Plaintiff:
By: /s/ James Lee McKinnon prose
James Lee McKinnon prose
Corrigan Correctional
986, Norwich New London Tpk
Uncasville Connecticut
06382

6. One federal appeals court has expressed skepticism that mail from courts which consists of public documents should be considered priviled. <u>Martin v. Brewer</u> 830 F.2d 76, 78 (7Th Cir.

7. For all the reason set forth herein with and the attached documents the plaintiff respectfully request that this motion to be granted and that Summary be granted in favor of the plaintiff; and relief given as reqired in monetary damages.

8. Wherefore: The court should grant plaintiff motion to include and order to pay the amount of reasonable expenses incurred because of the violation and attorney fee in the amount of 10.000,00 Dollar.

Respectfully
Plaintiff:
Byx James Lee McKinnon
James Lee McKinnon prose
Corrigan Corrections
986, Norwich New London
Uncasville Connecticut
06382

Upon the supporting affidavit of plaintiff and the accompanying memorandum of Law.

3 of 6

## Certification

I hereby certify that the foregoing was mailed to the defendants attorney of record this 9th Day of September 2004

Individual Capacity Defendants

Linda Messenger, ETAL
Iris Prescott
Helen Dorsey

Richard T. Couture
Assistant Attorney General
110, Sherman Street
Hartford CT, 06105

Respectfully
Plaintiff:
By: James Lee McKinnon
James Lee McKinnon pro se
Corrigan Correctional
986, Norwich New London
Uncasville, Connecticut
06382

# MEMorandum

# ExhibiT



# 1

5 of 6

| State of Connecticut Department of Correction | DIRECTIVE NUMBER 8.7 | EFFECTIVE DATE August 16, 1999 | PAGE 1 OF 6 |
|---|---|---|---|
| ADMINISTRATIVE DIRECTIVE | SUPERSEDES: | | |
| APPROVED BY [signature] 7/23/99 | TITLE: Health Records Management | | |

1. **Policy**. The Department of Correction shall accurately document the health services provided to inmates and ensure that confidentiality of the health record is maintained.

2. **Authority and Reference**.

   A. Connecticut General Statutes, Sections 1-1d, 1-15, 4-190(3), 4-193b, 4-193d, 4-194, 18-81, 18-94, 19a-581 through 19a-583, 19a-585, 20-7(b) through 20-7(d), 52-146d through 52-146j, 52-146i, 52-146o, and Chapter 899.
   B. Regulations of Connecticut State Agencies, 19a-14-40 and 19a-14-43.
   C. Doe vs Meachum, Civil Action No. H-88-562 (PCD), November 2, 1990.
   D. West vs Manson, Civil Action No. H-83-366 (ANH), April 23, 1987.
   E. Smith vs Meachum, Civil Action No. H-87-221 (JAC) August 8, 1989.
   F. American Correctional Association, Standards for Adult Correctional Institutions, Third Edition, January 1990, Standards 3-4376 through 3-4379.
   G. American Correctional Association, Standards for Adult Local Detention Facilities, 1991, Third Edition, Standards 3-ALDF-4E-16, 3-ALDF-4E-22, 3-ALDF-4E-31 and 3-ALDF-4E-46 through 3-ALDF-4E-48.
   H. National Commission on Correctional Health Care, Standards for Health Services in Prisons, January 1987, Standards P-05, P-07, P-28, P-30, P-42, P-64, P-65, P-67.
   I. Administrative Directives 3.10, Fees and Reimbursements and 8.11, Human Immunodeficiency Virus Infection.

3. **Definitions**. For the purposes stated herein, the following definitions apply:

   A. **Authorized Representative**. A parent, guardian, or conservator appointed to act on behalf of a person regarding access to health information.
   B. **Health Authority**. The Director of Health Services.
   C. **Health Services Staff**. Any staff person employed by the Department of Correction, or the Department of Correction's provider for health services, on a part time, contractual, or full time basis whose primary responsibility is to provide health services to inmates remanded to the care and custody of the Commissioner of Correction. Any student intern or volunteer under the supervision and direction of health services shall be considered health services staff.

4. **Confidentiality**. Information regarding an inmate's healthcare shall be protected as required by C.G.S 899. Such information is governed by the provision of C.G.S 52-146d through 52-146j, inclusive.

6 of 6

9. <u>Access and Disclosure</u>. Information in the health record shall be maintained in a confidential manner. Access to the health record shall be restricted to authorized persons and shall be controlled by the responsible physician and the Director of Health Services. Written authorization shall be required for disclosure of all or any part of the health record to any individual not authorized by this Directive.

   A. <u>Disclosure to an Inmate/Authorized Representative</u>. If a health record is to be released to an inmate or to an inmate's authorized representative, the responsible physician or designee shall review the record prior to release. If the physician or designee believes that disclosure to an inmate of the inmate's medical, psychiatric or psychological data would be detrimental to the inmate, the physician shall relate such concern, through the chain of command, to the Director of Health Services or designee for appropriate consultation with Attorney General's Office.

      1. <u>Inmates Under 18 Years of Age</u>. Written authorization, signed by an authorized representative, shall be required for the release of the health record of an inmate under 18 years of age with the exception of Section 9(A)(2) below.
      2. <u>HIV Testing Information Regarding Inmates Under 18 Years of Age</u>. When an inmate under the age of 18 years old has requested testing, examination, or treatment for HIV and has requested that the inmate's parent or guardian not be informed, and the physician believes that the inmate would not submit to testing, examination, or treatment if the parent or guardian were informed, and the physician has documented such in the health record, the test may be done. This provision shall be granted if the attending physician believes a minor shall have the right to authorize the release of only personal health information which is not related to testing for HIV infection or to the examination and/or treatment for HIV infection.

   B. <u>Disclosure to Warden/Complex Warden</u>. The responsible contract provider's Health Services Administrator or designee shall provide the Warden with relevant information concerning an inmate's medical and mental health management, security and ability to participate in programs. When an inmate suffers from a health condition that may result in a medical or mental health crisis or risk of disease transmission to another, the responsible contract provider's Health Services Administrator or designee shall inform the Warden.
   C. <u>Disclosure to Classification Personnel</u>. Inmate health information provided by health care staff to classification personnel or classification systems shall be limited to the identification of restrictions required by the inmate's health condition and shall not include disclosure of health information specific to the inmate.
   D. <u>Disclosure to the Commissioner or Designee</u>. The Commissioner or designee and the Commissioner's legal representatives, including the Attorney General's Office, shall have access to all available records as necessary for the performance of the Commissioner's

health appointment, facility transfer or as otherwise specified in this Directive.

B. <u>Facsimile and Automated Transmission</u>. Contents of the health record shall not be sent by facsimile and/or other automated transmission to any location other than a Department Health Services Unit or to a community health provider unless authorized by the Director of Health Services or designee.

C. <u>Pre-Transfer Review</u>. Prior to transfer of an inmate to another Department facility, an appropriate Health Services staff member shall review the health record and assess the inmate's suitability for transfer and travel. The staff member shall provide documentation necessary to ensure that the inmate receives care during travel and upon the inmate's arrival at the receiving facility.

D. <u>Health Record Transfer</u>. Upon transfer of an inmate to another facility, Health Services staff shall coordinate with the transporting staff member(s) to ensure that the health record is transported simultaneously with the inmate. When the health record leaves the Health Services Unit for transfer or any other authorized purpose, the health record shall be packaged in an envelope large enough to accommodate the volume. The inmate's name and number shall be written on the outside along with the name of the receiving Health Services Unit or designated person authorized to receive the health record. The envelope shall be sealed with a confidential sticker.

In the absence of Health Services staff, operational staff designated by the Warden shall package the health record for transport.

E. <u>Discharge or Transfer to Community Release</u>. When the inmate is discharged from Department custody, the health record shall be transferred to the Health Services records repository.
If transferred to community supervision the health record shall be transferred to the facility nearest the community release program.

12. <u>Records of Inmates with HIV Infection</u>. Prior to the release of an inmate with HIV infection from a facility to the community, health care staff shall prepare a discharge packet. The information which is provided in the discharge packet shall include all current diagnoses, current problems, treatments which have been provided, the inmate's response to treatment, complications noted, allergies description of condition on discharge, and any follow-up instructions. A copy of the discharge packet shall be placed in the inmate's health record as well as being forwarded to the community health care provider. The inmate shall be offered a copy of the discharge packet.

When an inmate with HIV infection is transferred to community release or discharged from the Department, HIV health information shall be forwarded to the contract provider's Risk Management Unit.

13. <u>Review</u>. The Director of Health Services or designee shall ensure that the health record is subject to regular, periodic quality assurance review by contract provider's Health Services staff.

| DIRECTIVE NO. | EFFECTIVE DATE | PAGE | OF |
|---|---|---|---|
| 8.7 | August 16, 1999 | 6 | 6 |

| TITLE |
|---|
| Health Records Management |

14. **Training.** The Director of Health Services or designee shall ensure that the contract provider's Health Services staff is properly trained in the use and implementation of the health record.

15. **Exceptions.** Any exception to the procedures in this Administrative Directive shall require prior written approval from the Commissioner.

| DIRECTIVE NO. | EFFECTIVE DATE | PAGE | OF |
|---|---|---|---|
| 8.7 | August 16, 1999 | 4 | 6 |
| TITLE | | | |
| Health Records Management | | | |

duties, including the defense of the agency. Health Services staff shall verify the identification of any authorized representative of the Commissioner who requests a copy of an inmate health record.

 E. **Additional Disclosure.** Disclosure of HIV related information shall only be made as outlined in Administrative Directive 8.11, Human Immunodeficiency Virus Infection.

 The Authorization for Release of Information form, CN 4401, containing the signature of the inmate or the inmate's authorized representative, shall be required prior to disclosure of an inmate's specifically designated health information to a named person or institution by a health care provider.

10. **Requests for Information.**

 A. **Facility Requests.**

  1. **Prior Records.** Upon readmission of an inmate, the facility's Health Services Unit shall request the inmate's prior health record. The prior health record shall be transferred to the requesting facility within three (3) days. The prior record shall be combined with the existing record within 24 hours of the arrival of the prior record.

  2. **Prior Drug Treatment Records.** When an inmate admitted to York CI is involved in a community methadone maintenance program, the facility shall initiate telephone contact with the inmate's methadone program within 24 hours to confirm participation and dosage level.

  3. **Community Records.** When a contract provider's practitioner requests a prior community health record, Health Services staff shall obtain written authorization from the inmate or authorized representative and send such authorization to the provider. When an inmate is referred to a community health care provider, health care staff shall send a sealed, written authorization for release to the Department's Health Services Unit with the escorting officer, requesting all health data developed during the consultation, treatment or hospitalization that has been provided in the community. Upon receipt of the community information, it shall be reviewed by contract provider's Health Services staff and filed in the inmate's health record.

 B. **Fees.** When an inmate or authorized representative requests a copy of a health record, the inmate's account shall be charged a fee in accordance with Administrative Directive 3.10, Fees and Reimbursements. The Director of Health Services or designee shall approve procedures for copying and reviewing the health record.

11. **Transfer and Movement.**

 A. **Removal from the Health Services Unit.** The health record shall be retained in the Health Services Unit unless it is necessary for the record to accompany the inmate to a medical, dental, or mental

| DIRECTIVE NO. | EFFECTIVE DATE | PAGE | OF |
|---|---|---|---|
| 8.7 | August 16, 1999 | 2 | 6 |

| TITLE |
|---|
| Health Records Management |

5. **File Storage, Maintenance and Retention**. Health Service staff at each facility shall ensure that a complete and properly organized health record is on file for each inmate in the facility.

   A. **Storage**. All health records shall be filed numerically. Active health records shall be maintained in the facility's Health Services Unit. Inactive health records shall be stored in a designated secured repository.
   B. **Maintenance**. Health Service staff shall ensure that each inmate's health file is updated as necessary and maintained in a secure and confidential manner.
   C. **Retention**. Each health record shall be retained for 25 years after release from Department of Correction custody.

6. **Health Services Log**. Each facility's Health Services Unit shall maintain a logbook used to maintain accountability and locate any health record removed from the file by an authorized staff member. The appropriate Health Services staff member shall sign the designated log within the unit each time the staff member removes or replaces a file.

7. **Format**. Each health record shall be labeled with the inmate's identification number. The inmate's name shall be clearly and neatly written or typed on a white adhesive label affixed to the record jacket. Health record forms shall be filed in reverse chronological order, with the most recent information on the top. The Director of Health Services or designee shall approve, and annually review the contract provider's revisions, a list of forms and information to be included in each section of the health record which shall be organized into a left side and right side containing sections as follows:

   A. Left side of health record shall contain the current section, clinic section, initial assessment section, laboratory section, radiology section, consultation section, and correspondence section.
   B. Right side of health record shall contain the current section, mental health section, dental section, in-patient section, and medication section.

8. **Documentation**. The health record shall be a repository of historic and current health data gathered on an inmate and shall reflect the medical, dental, and mental health status of the inmate. All documentation shall be in black ink with the exception of the identification of allergies. All entries shall be documented in chronological order and shall include the month, day, year, and time specified in a.m. or p.m., or in 24 hour notations. Each entry shall be signed with the full name and title of the health care provider making the entry. Initials shall not be accepted as legal identification of person. No health care provider shall sign the entry of another health care provider unless a countersignature or witness is required. No blank spaces shall be left between entries. Only approved abbreviations shall be used in documenting.