UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



2004 SEP 20 A 11: 56

JAMES MCKINNON

              PRISONER
  V.       CASE NO. 3:03CV158 (HBF)

LINDA MESSENGER, et al.

### RULING ON PENDING MOTIONS

Pending before the court are two motions for leave to amend, one motion for discovery, one motion for settlement conference and two motions to convert the defendants' motion for summary judgment to a motion to dismiss filed by the plaintiff. For the reasons set forth below, the motions are denied.

I. <u>Motion for Settlement Conference [doc. # 29]</u>

The plaintiff asks the court to schedule a settlement conference in this case. In view of the fact that the defendants have moved for summary judgment, the court concludes that a settlement conference would not be beneficial at this time. The motion is denied without prejudice to renewal after the court rules on the defendants' motion for summary judgment.

II. <u>Motion for Discovery [doc. # 24]</u>

The plaintiff seeks an order directing the defendants to produce documents described in his motion. The court construes the motion as a motion to compel. It does not appear that the plaintiff has served this request for production of documents on

the defendants prior to filing of this motion. Thus, the motion is premature.

In addition, a party may seek the assistance of the court only after he has complied with the provisions of Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure and Rule 37(a)2 of the Local Civil Rules of the United States District Court for the District of Connecticut. Under both rules, a motion to compel must include a certification that the plaintiff has made an attempt to confer with opposing counsel in a good faith effort to resolve the discovery dispute without the intervention of the court.

The plaintiff has failed to file a certification that he has made a good faith effort to resolve this discovery dispute without the intervention of the court. Because the plaintiff has not complied with the provisions of Local Rule 37(a)2, the motion to compel is denied without prejudice as premature.

III. <u>Motions to Convert Motion for Summary Judgment to Motion to Motion to Dismiss [docs. ## 38, 41]</u>

The plaintiff asks the court to convert the defendants' motion for summary judgment to a motion to dismiss. The plaintiff cites no authority to convert a motion for summary judgment to a motion to dismiss. The cases that he cites in his motions discuss converting a motion to dismiss to a motion for summary judgment based on a court's consideration of documents that were not attached to or referenced in the complaint. Here,

2

the defendants have moved for summary judgment and rely on multiple affidavits and exhibits to support their motion.  Thus, the motion is properly filed as a motion for summary judgment.  The motions to convert the defendants' motion for summary judgment to a motion to dismiss are denied.

IV.  Motions to Amend [docs. ## 21, 28]

The plaintiff seeks to file a second amended complaint to add an Americans with Disabilities Act ("ADA") claim.  Because the plaintiff has already filed one amended complaint and the defendants have filed an answer to the amended complaint, he must seek leave to file a second amended complaint.  See Rule 15(a), Fed. R. Civ. P.  Both motions to amend are identical except that the proposed amended complaint submitted with the second motion includes medical records as attachments.  The proposed amended complaints include paragraphs describing the ADA and case law interpreting the ADA, but no facts relating to an ADA claim.  Even if the plaintiff had identified facts supporting an ADA claim, he concedes that he has not exhausted his ADA claim.[1]  Justice does not require the court to grant the plaintiff leave

---

[1] Although the plaintiff claims that he need not exhaust any ADA claims, the State of Connecticut Department of Correction Administrative Directives provide otherwise.  See Department of Correction Administrative Directive 9.6, section 6(A)(5) ("matter[s] relating to access to privileges, programs and services, conditions of care or supervision and living unit conditions within the authority of the Department of Correction, to include rights under the Americans with Disabilities Act, except as noted herein" are grievable).

3

to file a second amended complaint at this stage of the litigation. The motions are denied.

## Conclusion

The Motions for Leave to Amend [docs. ## 21, 28] are DENIED. The Motions to Convert Motion for Summary Judgment to Motion to Motion to Dismiss [docs. ## 38, 41] are DENIED. The Motion to Compel [doc. # 24] is DENIED without prejudice as premature. The Motion for Settlement Conference [doc. # 29] is DENIED without prejudice after the court rules on the defendants' motion for summary judgment.

SO ORDERED in Hartford, Connecticut, this __17__ of September 2004.

Holly B. Fitzsimmons
United States Magistrate Judge

4